Larry MADDOX, Appellant,

v.

**DEPARTMENT OF HUMAN SERVICES**
of the State of Minnesota, et
al., Respondents.

No. C3–86–1303.

Court of Appeals of Minnesota.

Feb. 3, 1987.

Mark R. Anfinson, Minneapolis, for appellant.

Thomas Johnson, Hennepin Co. Atty., Janeen Rosas, Asst. Co. Atty., Minneapolis, for respondents.

Considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

This appeal is from a determination of the Hennepin County Department of Human Services that appellant Larry Maddox was overpaid in his 1983–84 General Assistance grants. The district court affirmed the department's decision. Maddox also appeals the finding that his action was frivolous and without merit. We affirm.

## FACTS

The parties do not dispute the facts of this case and did not provide a transcript for this court to review. Larry Maddox has been unable to work since 1982 due to a back injury and has received General Assistance since 1983. In August 1984 Hennepin County determined that Maddox was overpaid $834.35 in his 1983–84 General Assistance grants and ordered him to repay the sum.

The amount of Maddox's General Assistance grant was based on his representation that he had no other income. However, in mid–1983 Maddox and Ramona Hendriksen posed as a married couple in order to obtain work as apartment building caretakers for TAG Company.

Maddox and Hendriksen agreed that Hendriksen would perform all the caretaking duties and receive the entire salary for the job. According to Maddox's brief, the parties lived in separate quarters and Hendriksen handled all the caretaking responsibilities as agreed. Although TAG paid one-half the salary to each of them in separate checks, Maddox cashed his check and turned his salary over to Hendriksen.

When Hennepin County discovered that Maddox was receiving checks from TAG, it initiated an overpayment action. Following the county's determination, Maddox's appeal was heard by a county referee, who denied Maddox's request for relief. On appeal the Hennepin County District Court affirmed the county's decision. This appeal followed.

On September 18, 1986, this court asked the trial court, in response to a petition to proceed *in forma pauperis*, to act as special referee to determine whether the appeal was frivolous and whether Maddox could pay the expenses of the appeal. On September 29, 1986, the trial court held that although Maddox is indigent and unable to pay appeal expenses, the appeal was of a frivolous nature.

## ISSUES

1. Did Hennepin County improperly determine that Maddox must repay $834.35 for overpayment of General Assistance benefits for 1983–84?

2. Did the trial court, acting as special referee, abuse its discretion in determining that this appeal is of a frivolous nature?

## ANALYSIS

### I

The trial court affirmed the Hennepin County Department of Human Services, concluding that the county properly determined Maddox was overpaid and must repay $834.35. Minn.Stat. § 256D.06, subd. 1 (1984), provides:

General assistance shall be granted in such an amount that when added to the non-exempt income *actually available to the individual or family*, the total amount equals the applicable standard of assistance established by the commissioner for general assistance.

(Emphasis added).

The department determined that the checks issued to Maddox by TAG constituted income "actually available" to him under the statute. It pointed out that Maddox entered into an employment arrangement with TAG and was paid by check issued directly to him. Because he had control of the income, the funds were "actually available" to him.

Maddox argues that the salary from TAG was not "actually available" to him as contemplated by the statute because he was not free to use the funds for his own living expenses due to the agreement with Hendriksen. He argues that because none of the caretaking income actually benefitted him, either directly or indirectly, the county's determination was erroneous.

Appellate review of an administrative agency's decision is governed by Minn.Stat. § 14.69 (1986), which provides that the court may

affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

(a) In violation of constitutional provisions; or

(b) In excess of the statutory authority or jurisdiction of the agency; or

(c) Made upon unlawful procedure; or

(d) Affected by other error or law; or

(e) Unsupported by substantial evidence in view of the entire record as submitted; or

(f) Arbitrary and capricious.

On review, this court is to examine the agency decision independently and is not required to accord any special deference to the district court's review. *Minnesota Power & Light Co. v. Minnesota Public Utilities Commission*, 342 N.W.2d 324, 329 (Minn.1983). However, agency decisions are presumptively valid and the reviewing court should show deference to the agency's conclusion because of the agency's "expertise and their special knowledge in the field of their technical training, education, and experience." *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 824 (Minn. 1977).

In affirming the agency, the trial court did not find that it had violated any of the above grounds. Maddox now argues that the department's decision is based on an error of law.

Maddox compares the salary he received from TAG with federal work-study grants. In *Brown v. Bates*, 363 F.Supp. 897 (N.D. Ohio 1973), the court held that federal work-study grants may not be considered to reduce AFDC grants to fulltime students because work-study funds, set aside specifically for educational purposes, are not available for food, shelter and clothing needs. *Id.* at 901. We disagree with this analogy. The salary Maddox received from TAG was available for whatever purpose he chose. He entered into the arrangement with Hendriksen and willingly agreed to give her his share of the salary.

The facts in *Brown* depict a unique employment situation in which the funds were earned under a specific federal program and were earmarked for a particular purpose. In addition, the party in *Brown* was

required to qualify for the program under established financial criteria. *Id.* at 901.

*Brown* has also been narrowly interpreted by other courts in other jurisdictions. In *Sturgell v. Creasy,* 640 F.2d 843, 847–48 (6th Cir.1981), the court distinguished *Brown* and held that veterans' administration pension benefits are included in calculating eligibility for AFDC benefits. In *Ortiz v. Department of Housing and Urban Development,* 448 F.Supp. 953, 958 (D. Puerto Rico 1977), the court held that veterans' education benefits, which were not used for the earmarked educational purposes, were includable as income.

In *Lucas v. Earl,* 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731 (1930), the Supreme Court refused to permit a husband to assign one-half of his income to his wife to avoid income tax liability on the one-half share. The court recognized the potential for abuse and stated that such an arrangement did not alter the fact that the income in question was the husband's. *Id.* at 115, 50 S.Ct. at 241.

Maddox also argues that because he did not benefit from the income, he did not receive it for purposes of the statute. However, the statute refers to income "actually available to the individual or family" and does not refer to benefitting from income. Minn.Stat. § 256D.06, subd. 1. Further, Maddox may have benefitted indirectly from the income. He admits in his brief that he benefitted from the arrangement in that he was given housing in the apartment complex for $200 per month.

There is no basis for reversal in this case; the department's decision was a reasonable application of the facts to the relevant statutes.

## II

Minn.Stat. § 563.01, subd. 3 (1986), authorizes *in forma pauperis* proceedings if

the appellant is unable to pay the costs and fees of the appeal and "[u]pon a finding by the court that the action is not of a frivolous nature." Such a finding would require Hennepin County to pay the expenses that Maddox incurs in obtaining transcripts and reproducing his brief.[1]

A frivolous claim is

without any reasonable basis in law or equity and could not be supported by a good faith argument for [a] * * * modification or reversal of existing law.

*Hessenius v. Schmidt,* 102 Wis.2d 697, 307 N.W.2d 232, 234 (1981). Maddox contends the determination that his appeal is frivolous was erroneous.

■ The trial court has broad discretion in determining whether expenses of the appeal should be paid under Minn.Stat. § 563.01, subd. 3. *Thompson v. St. Mary's Hospital of Duluth, Minnesota,* 306 N.W.2d 560, 563 (Minn.1981). This is analogous to a court's decision on attorney's fees under Minn.Stat. § 549.21 (1986). The decision should not be overturned absent a finding of abuse of discretion. *See Levine v. Sutherland,* 363 N.W.2d 325 (Minn.Ct.App.1985).

The trial court's memorandum accompanying the order finding the action frivolous stated that it found no grounds to reverse the Department of Human Services. The court noted:

Mr. Maddox hardly entered any of these proceedings with clean hands, because his deliberate falsification of his marital status has led to his legal difficulties in the instant case.

■ The facts of this case as applied to existing law make it clear that Maddox did not advance a solid argument or present any reasonable ground for modification or change in existing law. We concur with

---

1. It has been the practice of the Minnesota Supreme Court and this court to refer motions to proceed *in forma pauperis* on appeal back to the trial courts for findings. In the initial stages of an appeal, without a transcript of trial court proceedings, this court cannot evaluate the potential merit of an appeal, while the trial court, because of its familiarity with the matter, can. Additionally, this court must avoid any appearance of prejudging an appeal without the record and arguments of the parties. We stress that the trial courts need not find that the appellant will *prevail,* because only a finding that the appeal is *not frivolous* is needed to obtain relief.

the trial court's determination that the appeal is of a frivolous nature.

## DECISION

We affirm the decision of the Department of Human Services and the trial court's finding that the appeal is of a frivolous nature.

Affirmed.