*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0664**

Peter Richard Rickmyer,
Appellant,

vs.

G4S Secure Solutions (USA), Inc.,
Respondent.

**Filed December 5, 2016
Affirmed
Reyes, Judge**

Ramsey County District Court
File No. 62-HR-CV-16-218

Peter Rickmyer, Minneapolis, Minnesota (pro se appellant)

G4S Secure Solutions (USA), Inc., St. Paul, Minnesota (respondent)

Considered and decided by Jesson, Presiding Judge; Stauber, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

Appellant challenges the district court's denial of his request to proceed in forma pauperis (IFP) in seeking a harassment restraining order (HRO) to prevent respondent from enforcing a no-trespass notice against him. Because we conclude that the district court did not abuse its discretion when it found appellant's action frivolous, we affirm.

## FACTS

On April 12, 2016, employees of respondent G4S Secure Solutions (USA), Inc. told appellant Peter Rickmyer to leave City Center for 24 hours. G4S had previously requested that Rickmyer leave the same area for 24-hour periods on April 5 and April 7. Rickmyer believed that G4S employees asked him to leave City Center in retaliation for Rickmyer calling Metro Transit dispatch a month earlier to complain about Metro Transit community-service vehicles blocking a bus stop. The next morning, Rickmyer delivered to G4S's headquarters an Americans with Disabilities Act (ADA) accommodations request letter asking G4S's ADA contact person "[t]o communicate to your employees at City Center to stop retaliating against me." Rickmyer requested ADA accommodations because he has a cognitive-communication deficit that affects his ability to communicate clearly.

On April 13, 2016, approximately 24 hours and eight minutes after G4S told Rickmyer to leave City Center, Rickmyer reentered the area. Subsequently, G4S employees issued to Rickmyer a trespass notice form (the trespass notice), banning him from City Center for one year. G4S listed violation of the 24-hour trespass notice as well as tenant and security harassment as the reasons for issuing Rickmyer the trespass notice.

Rickmyer filed an affidavit and petition for an HRO with the district court in an effort to prevent G4S from enforcing the trespass notice against him. Rickmyer also filed an affidavit to proceed IFP based on his receipt of general assistance. The district court denied Rickmyer's request to proceed IFP, finding the action frivolous.

That same day, Rickmyer filed a second IFP request in conjunction with a motion to reconsider or vacate the district court's denial of his IFP request under Fed. R. Civ. P. 59(e) and a motion for court order to preserve evidence and subpoena for inspection and copying of surveillance video. The district court denied Rickmyer's second IFP request, finding the action frivolous.

Rickmyer then filed a motion to proceed IFP in the court of appeals, which the district court granted. This appeal follows.[1]

## D E C I S I O N

A court may authorize a party to proceed IFP if the party is financially unable to pay litigation costs and the court finds that the action is not frivolous in nature. Minn. Stat. § 563.01, subd. 3(a)-(b) (2014). "A frivolous claim is without any reasonable basis in law or equity and could not be supported by a good faith argument for [a] * * * modification or reversal of existing law." *Maddox v. Dep't of Human Servs.*, 400 N.W.2d 136, 139 (Minn. App. 1987) (quotation omitted). District courts have broad discretion in determining whether to grant an IFP request. *Id.* We review a district court's denial of an IFP request for an abuse of discretion. *Id.*

Rickmyer argues that the district court "erred" in finding his claim frivolous and denying his requests to proceed IFP because G4S failed to make reasonable accommodations under the ADA and the Minnesota Human Rights Act (MHRA) and retaliated against him. We disagree.

---

[1] G4S did not file a brief in this appeal. Therefore, the appeal will proceed and be decided on the merits without G4S's brief, pursuant to Minn. R. Civ. App. P. 142.03.

3

A victim of harassment may seek a restraining order from a district court.  Minn. Stat. § 609.748, subd. 2 (2014).  Harassment is defined as

> a single incident of physical or sexual assault or repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another, regardless of the relationship between the actor and the intended target.

*Id.*, subd. 1(a)(1).  To obtain an HRO, Rickmyer must establish facts sufficient to show that (1) G4S engaged in objectively unreasonable conduct or intent and (2) Rickmyer had an objectively reasonable belief that the harassment would have a substantial adverse effect on the his safety, security, or privacy.  *Dunham v. Roer*, 708 N.W.2d 552, 567 (Minn. App. 2006), *review denied* (Minn. Mar. 28, 2006).

## I.    Rickmyer cannot establish facts sufficient to show that G4S's conduct and intent were objectively unreasonable.

Rickmyer argues that G4S acted unreasonably because it violated the ADA and the MHRA and retaliated against Rickmyer for requesting public accommodations.  We address each argument in turn.

### A.    G4S did not violate the ADA.

Rickmyer argues that G4S violated Title III of the ADA because G4S failed to grant public accommodations to Rickmyer when he requested that G4S communicate to its employees to stop retaliating against him.[2]  The ADA prohibits private entities that

---

[2] Rickmyer also argues that the trial court denied him access to the court and failed to accommodate his disabilities in violation of Title II of the ADA.  He asserts that the trial court dismissed his IFP request to proceed with an HRO petition for failure to communicate or to state a claim.  Rickmyer's argument is misguided because the district

operate places of public accommodation from denying persons with disabilities "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a) (2012).

Here, G4S is a private company that provides security services to City Center. In this context, G4S is not subject to the public accommodations provision of the ADA because G4S does not operate City Center. Therefore, Rickmyer cannot bring a successful accommodations claim against G4S.

Even if this court were to consider G4S the operator of City Center, there are insufficient facts in Rickmyer's petition for an HRO to show that G4S failed to make ADA accommodations for Rickmyer. Rickmyer asserts that the trespass notice constituted a denial of his accommodations request. However, he does not allege that G4S failed to communicate the contents of the letter to its employees. Moreover, Rickmyer was able to deliver a written request for G4S to provide communication assistance as he had done previously, which distinguishes Rickmyer's situation from that of the individuals in the federal cases[3] that Rickmyer cites in support of his argument. *See Sawczyn v. BMO Harris Bank Nat'l Ass'n*, 8 F. Supp. 3d 1108, 1109–10 (D. Minn. 2014) (denying bank's motion to dismiss where legally blind individual brought Title III ADA claim for bank's failure to accommodate blind persons at automated teller

---

court dismissed both of his IFP requests as frivolous. Further, Rickmyer made no request for accommodations from the district court.

[3] Federal cases are not binding on this court and are of only persuasive value. *State v. McClenton*, 781 N.W.2d 181, 191 (Minn. App. 2010), *review denied* (Minn. June 29, 2010).

machines); *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 312–13 (1st Cir. 2003) (holding that retailer violated Title III of the ADA when it failed to reconsider its refusal-to-sell policy where individual with brain damage that caused him to appear intoxicated revealed his disability while attempting to purchase alcohol).

### B.    G4S did not violate the MHRA.

Rickmyer next argues that G4S violated his rights under the MHRA.  Like the ADA, the MHRA prohibits private entities operating places of public accommodation from discriminating against persons on the basis of their disability.  Minn. Stat. § 363A.11 (2014).  Under the MHRA, a place of public accommodation is defined as "a business, accommodation, refreshment, entertainment, recreation, or transportation facility of any kind . . . whose goods, services, facilities, privileges, advantages or accommodations are extended, offered, sold, or otherwise made available to the public." Minn. Stat. § 363A.03, subd. 34 (2014).  Discrimination occurs when a place of public accommodation fails "to make reasonable accommodation to the known physical, sensory, or mental disability of a disabled person."  Minn. Stat. § 363A.11, subd. 1(2). Even if we assume without deciding that G4S is a place of public accommodation under the MHRA, Rickmyer has not alleged facts to show that G4S violated the MHRA.

To establish a prima facie case of discrimination based on public accommodations, Rickmyer must show that (1) he is a member of a protected class; (2) G4S discriminated against Rickmyer with regard to the availability of its services; and (3) Rickmyer's class membership was the basis of the discrimination.  *Monson v. Rochester Athletic Club*, 759 N.W.2d 60, 63 (Minn. App. 2009), *review denied* (Minn. Mar. 17, 2009).

6

Here, Rickmyer is a member of a protected class due to his cognitive communications deficit. Rickmyer alleges that G4S discriminated against him when it issued the trespass notice to him after he successfully delivered an accommodations request letter to G4S. However, even if we were to assume that G4S discriminated against Rickmyer, he fails to allege facts to show that his class membership was the basis of the claimed discrimination. Further, the petition for HRO and accompanying affidavit are silent as to what occurred after Rickmyer delivered the letter to G4S and before G4S issued the trespass notice to Rickmyer. Therefore, Rickmyer cannot establish the third prong of a prima facie discrimination case under the MHRA.

### C. G4S did not retaliate against Rickmyer.

Rickmyer argues that G4S issued the trespass notice in retaliation to his call to Metro Transit dispatch to complain about Metro Transit community service vehicles parked in front of a bus stop. The test to establish a prima facie case of retaliation stems from employment-retaliation cases. *See, e.g.*, *Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 444 (Minn. 1983) (employer retaliation). Rickmyer has not asserted that he is an employee of G4S. Thus, Rickmyer's retaliation claim has no basis. However, because Rickmyer is a pro se appellant, this court may liberally construe his retaliation claim as a reprisal[4] claim to assess whether G4S retaliated against him. *Farrington v. Rigg*, 107 N.W.2d 841, 841–42 (Minn. 1961).

---

[4] The MHRA provides the basis for a reprisal claim:

> It is an unfair discriminatory practice for any individual who participated in the alleged discrimination as a . . . public accommodation . . . or employee or agent thereof to

7

To make a prima facie reprisal claim, Rickmyer must show that (1) he engaged in protected conduct; (2) G4S took adverse action against him; and (3) there is a connection between (1) and (2). *Hubbard*, 330 N.W.2d at 444 (citation omitted).

Here, even if we assume Rickmyer could establish that he engaged in protected conduct when he contacted Metro Transit dispatch and that G4S took adverse action against him when it issued him the trespass notice, Rickmyer has not alleged facts indicating that G4S issued the trespass notice to Rickmyer in response to his call to Metro Transit dispatch. Moreover, Rickmyer's mere belief that the trespass notice is retaliatory is insufficient to establish a causal connection between his request for accommodations and the trespass notice. As a result, Rickmyer cannot establish a prima facie reprisal claim against G4S.

## II. Rickmyer did not have an objectively reasonable belief that enforcement of the trespass notice would have a substantial adverse effect on his safety, security, or privacy.

Rickmyer argues that he is entitled to an HRO against G4S because he faces a real and immediate threat of future injury if the trespass notice is enforced against him. Here, Rickmyer's safety and security are not at issue because there are no allegations of violence or lack of security between G4S and Rickmyer. Additionally, Rickmyer's privacy is not at issue because City Center is a public place. Finally, there are no facts

---

intentionally engage in any reprisal against any person because that person . . . opposed a practice forbidden under this chapter or has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

Minn. Stat. § 363A.15 (2014).

8

asserted to indicate that G4S's conduct differed from that of an ordinary security agency. Thus, Rickmyer could not have formed a reasonable belief that enforcement of the trespass notice would affect his safety, security, or privacy.

Rickmyer failed to allege facts to establish that G4S acted in an objectively unreasonable manner or that he manifested an objectively reasonable belief that enforcement of the trespass notice would have a substantial adverse effect on his safety, security, or privacy. Thus, the district court did not abuse its discretion by denying Rickmyer's request to proceed IFP.

**Affirmed.**

9