LARKIN, Judge
Appellant challenges the district court's denial of his fee-waiver request in a district court action to expunge a petty misdemeanor conviction. Because the district court's determination that appellant is ineligible for fee waiver is based on its erroneous determination that appellant is not indigent, and because the ultimate decision whether to waive a filing fee in an action to expunge criminal records is governed by Minn. Stat. § 609A.03, and not by Minn. Stat. § 563.01, on which the district court relied, we reverse and remand for the district court to reconsider appellant's fee-waiver request based on the standards set forth in Minn. Stat. § 609A.03.
FACTS
In March 2019, appellant Troy Kenneth Scheffler petitioned to expunge records regarding his petty misdemeanor conviction for failing to wear a seatbelt. Scheffler requested waiver of court fees and costs, *59 and the district court denied his request. This appeal follows.[1]
ISSUE
Did the district court err in denying Scheffler's request for waiver of fees and costs in his expungement action?
ANALYSIS
Scheffler was convicted of a petty misdemeanor seatbelt violation in 2010. He petitioned for expungement of the conviction in 2019, asserting that he had not been convicted of any crime since 2010. He sought relief under Minn. Stat. § 609A.02, subd. 3(a)(3) (2018), which provides:
A petition may be filed under section 609A.03, to seal all records relating to an arrest, indictment or information, trial, or verdict ... if ... the petitioner was convicted of or received a stayed sentence for a petty misdemeanor or misdemeanor and has not been convicted of a new crime for at least two years since discharge of the sentence for the crime[.]
Scheffler's petition explained that he was seeking expungement because his "[r]ecord looks too long" and because "[p]eople publicly access the record such as potential girlfriends and it looks like a lot to explain." Scheffler's petition indicated that his criminal record also includes convictions from 1994, 1998, and 2005 for driving while impaired; a conviction from 1995 for underage consumption; and a conviction from 1997 for reckless driving.
The expungement statute provides for the payment and waiver of a filing fee as follows:
An individual who is the subject of a criminal record who is seeking the expungement of the record shall file a petition under this section and pay a filing fee in the amount required under section 357.021, subdivision 2, clause (1). The filing fee may be waived in cases of indigency and shall be waived in the cases described in section 609A.02, subdivision 3, paragraph (a), clause (1).
Minn. Stat. § 609A.03, subd. 1. Section 357.021 establishes a filing fee of $285. Minn. Stat. § 357.021, subd. 2(1) (2018). Under section 609A.03, subdivision 1, the filing fee must be waived in cases in which "all pending actions or proceedings were resolved in favor of the petitioner." Minn. Stat. §§ 609A.02, subd. 3(a)(1), .03, subd. 1 (2018). In all other cases, waiver is discretionary. See Minn. Stat. § 609A.03, subd. 1 (stating that the "filing fee may be waived in cases of indigency" (emphasis added)); Minn. Stat. § 645.44, subd. 15 (2018) (" 'May' is permissive.").
Although Scheffler asked the district court to waive the fees and costs associated with his expungement action, he did not seek waiver under section 609A.03. Instead, he sought waiver under Minn. Stat. § 563.01, which governs authorization of in forma pauperis (IFP) status in civil cases. The IFP statute provides:
(a) Any court of the state of Minnesota or any political subdivision thereof may authorize the commencement or defense of any civil action , or appeal therein, without prepayment of fees, costs and security for costs by a natural person who makes [an] affidavit stating (a) the nature of the action, defense or appeal, (b) a belief that affiant is entitled *60 to redress, and (c) that affiant is financially unable to pay the fees, costs and security for costs.
(b) Upon a finding by the court that the action is not of a frivolous nature, the court shall allow the person to proceed in forma pauperis if the affidavit is substantially in the language required by this subdivision and is not found by the court to be untrue. Persons meeting the requirements of this subdivision include, but are not limited to, a person who is receiving public assistance described in section 550.37, subdivision 14, who is represented by an attorney on behalf of a civil legal services program or a volunteer attorney program based on indigency, or who has an annual income not greater than 125 percent of the poverty line established under United States Code, title 42, section 9902(2), except as otherwise provided by section 563.02.
Minn. Stat. § 563.01, subd. 3(a), (b) (emphasis added).
As support for his assertion that he is unable to pay fees and costs, Scheffler submitted documents indicating that he receives medical assistance and energy assistance, which are forms of public assistance referenced in section 563.01, subdivision 3(b). See Minn. Stat. § 550.37, subd. 14 (2018) (listing medical assistance and energy assistance as types of public assistance). The district court denied Scheffler's request for IFP status under section 563.01, using a form order and checking a single box indicating that "[t]he applicant is not found to be indigent and is not entitled to proceed in forma pauperis."
Scheffler contends that the district court "had no discretion to ... deny the IFP" because the IFP statute states that "the court shall allow the person to proceed in forma pauperis if the affidavit is substantially in the language required," his affidavit met that requirement, and the affidavit was accompanied by "government proofs of Medical Assistance and Energy Assistance." (Emphasis omitted.) In addition, Scheffler notes that after the district court denied IFP status in the underlying expungement action, another judge of the same district court granted Scheffler's request for IFP status in this appeal. In doing so, the district court once again used a form order, but this time it checked a box indicating that "the applicant is financially unable to pay any fees and entitled to proceed in forma pauperis." Scheffler contends that "[a] person is either a pauper or not; the statute's standards are the same on either end." Scheffler asks this court to reverse in a published decision clarifying the standards that govern an IFP determination in district court.
We review a district court's denial of IFP status for an abuse of discretion. See Maddox v. Dep't of Human Servs. , 400 N.W.2d 136, 139 (Minn. App. 1987) (reviewing district court's determination whether to grant defendant IFP status on appeal under section 563.01, subdivision 3, for an abuse of discretion). A district court abuses its discretion if its decision is against logic and the facts in the record. State v. Guzman , 892 N.W.2d 801, 810 (Minn. 2017).
We question whether the IFP statute, section 563.01, provides the relief that Scheffler seeks. By its own terms, section 563.01 applies to civil actions. Chapter 609A, which governs the expungement of criminal records, does not indicate whether such an expungement action is a criminal action or a civil action.[2] See *61 Minn. Stat. §§ 609A.01 -.04 (2018). And we are not aware of any precedential authority establishing that an expungement action under chapter 609A is a civil action.[3]
But we recognize that sections 563.01 and 609A.03 are consistent in that they provide for fee waiver in cases of indigency. See Minn. Stat. § 563.01, subd. 3(b) (stating that in civil cases the filing fee may be waived for a person "who is represented by an attorney on behalf of a civil legal services program or a volunteer attorney program based on indigency"); Minn. Stat. § 609A.03, subd. 1 (stating that in expungement cases "[t]he filing fee may be waived in cases of indigency"). We also recognize that, unlike section 563.01, section 609A.03 does not provide a standard for determining whether an individual is financially eligible for fee waiver. Lastly, we recognize that the district court considered and decided Scheffler's request for fee waiver under section 563.01, apparently without questioning whether section 563.01 applies in an action to expunge criminal records. For all of those reasons, we assume without deciding that an expungement action under chapter 609A is a "civil action" within the meaning of section 563.01 and that the standards for determining financial eligibility for fee waiver under section 563.01 may be used to determine whether a petitioner is indigent within the meaning of section 609A.
As to the district court's determination that Scheffler is not indigent, Scheffler submitted two documents as proof of his financial circumstances: a document from Crow Wing County Social Services stating that he was "still eligible for [health care] benefits," which referred to the "program" "MA," and a document from Lutheran Social Services of Minnesota stating that he was eligible for an "Energy Assistance grant [of] $343.00." There is no evidence in the record to contradict the information contained in those documents, and the district court's order does not provide any basis to reject those documents as proof of Scheffler's financial circumstances. Those documents indicate that Scheffler meets one of the standards for financial eligibility under section 563.01. See Minn. Stat. § 563.01, subd. 3(b) (stating that a person is financially eligible for waiver if the person receives "public assistance described in section 550.37, subdivision 14"); Minn. Stat. § 550.37, subd. 14 (listing medical assistance and energy assistance as types of public assistance). The district court therefore erred by determining that Scheffler is not indigent.
But Scheffler's financial eligibility for fee waiver under the standards set forth in section 563.01 does not necessarily mandate fee waiver in his expungement action under chapter 609A. Section 609A.03 governs fee waiver in actions to expunge criminal records and mandates waiver only if "all pending actions or proceedings were resolved in favor of the petitioner." Minn. Stat. § 609A.03, subd. 1 ; Minn. Stat. § 609A.02, subd. 3(a)(1).
*62 Section 563.01 more generally governs fee waiver in civil actions and mandates waiver if the underlying civil action is not frivolous and the supporting affidavit contains certain language that is not found to be untrue. Minn. Stat. § 563.01, subd. 3(b). In the context of a request for IFP status, "A frivolous claim is [one] without any reasonable basis in law or equity and [that] could not be supported by a good faith argument for a modification or reversal of existing law." Maddox , 400 N.W.2d at 139 (quotation omitted).
In this case, Scheffler appears to be entitled to mandatory fee waiver under the general waiver provision in section 563.01 because his affidavit in support of waiver contained the necessary language, it was not found to be untrue, and his expungement action is not frivolous. See Minn. Stat. § 563.01, subd. 3(b) ; Minn. Stat. § 609A.02, subd. 3(a)(3) (authorizing expungement of records regarding a petty misdemeanor conviction if the petitioner "has not been convicted of a new crime for at least two years since discharge of the sentence for the crime"). But Scheffler is not entitled to mandatory fee waiver under section 609A.03 because the proceedings on his petty misdemeanor seatbelt violation were not resolved in his favor. Once again, assuming without deciding that an expungement action under chapter 609A is a "civil action" within the meaning of section 563.01, in this case the special mandatory-fee-waiver provision in section 609A.03 conflicts with the more general mandatory-fee-waiver provision in section 563.01.
In the case of such a conflict, the legislature has provided that
[w]hen a general provision in a law is in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted at a later session and it shall be the manifest intention of the legislature that such general provision shall prevail.
Minn. Stat. § 645.26, subd. 1 (2018).
Caselaw applying section 645.26, subdivision 1, provides that "where two statutes contain general and special provisions which seemingly are in conflict, the general provision will be taken to affect only such situations within its general language as are not within the language of the special provision." Ehlert v. Graue , 292 Minn. 393, 195 N.W.2d 823, 826 (1972) ; State ex rel. Interstate Air-Parts, Inc. v. Minneapolis-St. Paul Metro. Airports Comm'n , 223 Minn. 175, 25 N.W.2d 718, 724-25 (1947).
Because a request for fee waiver in an action to expunge criminal records is within the language of the special mandatory-fee-waiver provision in section 609A.03, the general mandatory-fee-waiver provision in section 563.01 does not apply to such a request. We therefore hold that a decision whether to waive the filing fee in an action to expunge criminal records is governed by Minn. Stat. § 609A.03, subd. 1, and not by Minn. Stat. § 563.01, subd. 3. Given the absence of any articulated standard for determining whether an expungement petitioner is indigent for purposes of fee waiver under section 609A.03, a district court does not err by relying on the financial standards in section 563.01 to determine whether such a petitioner is indigent. But the district court must base its ultimate waiver determination on the standards set forth in section 609A.03.
*63 DECISION
The district court's determination that Scheffler is ineligible for fee waiver in his expungement action is based on its erroneous determination that he is not indigent. We therefore reverse and remand for the district court to reconsider the fee-waiver issue. However, the district court must base its decision whether to waive the fee on the standards set forth in section 609A.03, and not on the standards set forth in section 563.01.
Reversed and remanded.

On behalf of respondent State of Minnesota, the City of Coon Rapids submitted a letter to this court stating that "[t]he State does not play a role in whether a [petition to proceed in forma pauperis] is approved or denied nor was [Scheffler's] Petition disclosed to the City." Thus, the state indicated that it was "unable to take a position" on Scheffler's appeal and did not file a brief.

Although it represents only an administrative attempt to simplify procedure and does not substantively influence our analysis, we observe that the Minnesota Judicial Branch's website provides instructions and forms to be used when seeking expungement under chapter 609A. The "Notice of Hearing and Petition for Expungement" form identifies the expungement "Case Type" as "Criminal." Minn. Judicial Branch, Notice of Hearing and Petition for Expungement (Feb. 2018), http://mncourts.gov/mncourtsgov/media/CourtForms/EXP102.pdf.

This court has held, in an unpublished opinion, that an expungement action under chapter 609A is a special proceeding, and not a criminal action, to which Minn. R. Civ. P. 60.02 applies. State v. T.K.S. , No. A17-1365, 2018 WL 3966223, at *3 (Minn. App. Aug. 20, 2018). But unpublished decisions of this court are not precedential. Minn. Stat. § 480A.08, subd. 3 (2018) ; Dynamic Air, Inc. v. Bloch , 502 N.W.2d 796, 800-01 (Minn. App. 1993).