*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0398**

Andrew Joseph Haman,
Appellant,

vs.

Seth Tyberg,
Respondent.

**Filed November 27, 2023**
**Reversed and remanded**
**Smith, Tracy M., Judge**

Beltrami County District Court
File No. 04-CV-22-3621

Andrew J. Haman, Owatonna, Minnesota (pro se appellant)

Julia J. Nierengarten, Nicole L. Brand, Meagher + Geer, Minneapolis, Minnesota (for respondent)

        Considered and decided by Bratvold, Presiding Judge; Reyes, Judge; and Smith, Tracy M., Judge.

**NONPRECEDENTIAL OPINION**

**SMITH, Tracy M.**, Judge

        Appellant Andrew Joseph Haman challenges the district court's denial of his application to proceed in forma pauperis (IFP) on a medical-malpractice claim. Haman asserts that the district court improperly determined that his action is frivolous because his affidavit of expert review did not comply with the requirements of Minnesota Statutes

section 145.682 (2022). Because the district court erred by determining that Haman's affidavit of expert review did not comply with the requirements of section 145.682, its determination that Haman's action is frivolous on that basis was erroneous. We therefore reverse and remand for the district court to reconsider Haman's IFP application.

**FACTS**

The following facts are drawn from the district court record, including Haman's complaint, Haman's IFP application, and the district court's two orders denying Haman's IFP application.

On December 1, 2022, Haman filed a complaint in district court alleging that respondent Dr. Seth Tyberg[1] committed medical malpractice. Haman was treated by Dr. Tyberg in November and December 2018. Haman alleged that Dr. Tyberg incorrectly diagnosed Haman and subjected him to several unnecessary, painful, and physically damaging spinal adjustments. In addition to his complaint, Haman filed a summons, an application to proceed IFP, and an affidavit of expert review.

In his sworn affidavit of expert review, Haman stated that he "reviewed parts of [his] complaint with a qualified expert within the chiropractic field and other qualified medical professionals and that [their] opinion is that [Dr. Tyberg] deviated from applicable standards of care and that [Dr. Tyberg's] actions caused injuries to [Haman]." Haman also

---

[1] Dr. Tyberg's counsel filed a letter with this court stating that he would not be filing a responsive brief because Dr. Tyberg has not been served in this matter and is therefore not a party.

2

stated that he "reviewed some of the facts of the case with qualified experts who do not agree the treatment by [Dr. Tyberg] was proper, and was negligent."

Additionally, in his affidavit, Haman explained that he was limited in the providers from whom he could seek opinions because he was incarcerated shortly after Dr. Tyberg treated him. Specifically, Haman stated that he was incarcerated before a particular expert—who had "extensive knowledge of repercussions of the damaging results caused by [Dr. Tyberg's] particular form of treatment to [Haman]"—could conduct a full exam and review of all the facts of the case, medical records, and medical history. Haman stated that he was incarcerated on May 1, 2019, and that he would be released on February 6, 2023.

The district court denied Haman's application to proceed IFP. In its order, the district court found that Haman's action was frivolous because "a malpractice claim must be served with an expert testimony affidavit and the affidavit filed is not signed by a 'health care provide[r]' as defined in Minn. Stat. 145.682, subd. 1."

Haman requested that the district court review its denial of his IFP application. The district court thereafter filed a second order, again denying Haman's IFP application. In this order, the district court found that Haman's action was frivolous for "failure to comply with Minn. Stat. 145.682" and explained that "review could have been reasonably obtained" because "the [department of corrections] has procedures to allow an inmate to schedule medical appointments outside of the facility, and [Haman] was not incarcerated for a year and a half after the alleged treatment."

Haman appeals.

**DECISION**

A litigant may proceed IFP if a district court finds that they cannot pay the costs of litigation and the action is not frivolous. Minn. Stat. § 563.01, subd. 3(a)-(b) (2022). An action is frivolous if it lacks any reasonable basis in law or equity and cannot be supported by a good-faith argument to modify or reverse existing law. *Maddox v. Dep't of Hum. Servs.*, 400 N.W.2d 136, 139 (Minn. App. 1987).

This court reviews a district court's denial of an IFP application for abuse of discretion. *State v. Scheffler*, 932 N.W.2d 57, 60 (Minn. App. 2019). A district court abuses its discretion if its decision is "against logic and the facts in the record." *Id.* But determining the requirements of Minnesota Statutes section 145.682 requires statutory interpretation, which is a question of law that appellate courts review de novo. *Tousignant v. St. Louis County*, 615 N.W.2d 53, 58 (Minn. 2000).

In its second order denying Haman's application to proceed IFP, the district court ruled that Haman's action was frivolous for "failure to comply with Minn. Stat. § 145.682." Under section 145.682, a plaintiff in a medical-malpractice case must serve on the defendant two affidavits. Minn. Stat. § 145.682, subd. 2. The first affidavit—an affidavit of expert review—must be signed by the plaintiff's attorney, or the plaintiff if unrepresented, and served with the summons and complaint. *Id.*, subds. 2, 3. The second affidavit—an affidavit identifying expert witnesses and their expected testimony—must be signed by the experts and served within 180 days after the commencement of discovery. *Id.*, subds. 2, 4. Only the first affidavit of expert review is at issue in this appeal.

Under subdivision 3, the affidavit of expert review must state the following:

4

(1) the facts of the case have been reviewed by the plaintiff's attorney with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff; or

(2) the expert review required by clause (1) could not reasonably be obtained before the action was commenced because of the applicable statute of limitations. If an affidavit is executed pursuant to this paragraph, the affidavit in clause (1) must be served on defendant or the defendant's counsel within 90 days after service of the summons and complaint.

*Id.*, subd. 3. Subdivision 3 thus provides two avenues for compliance—the affidavit can satisfy either clause (1) or clause (2).

Haman argues that his affidavit of expert review complies with subdivision 3.[2] We look first to compliance under clause (1), considering who must sign the affidavit and what the affidavit must contain. As for the signatory of the affidavit, under either clause of subdivision 3, the affidavit of expert review need not be signed by an expert; rather, it must be signed by the plaintiff's attorney or, in the case of a pro se plaintiff, by the plaintiff. *Id.*, subd. 5. Haman signed the affidavit in his capacity as a pro se litigant. As for the required contents of the affidavit under clause (1), Haman's affidavit stated that Haman "reviewed

---

[2] Haman also argues that the district court erred by determining that noncompliance with the requirements of Minnesota Statutes section 145.682 is a basis upon which Haman's action could be found frivolous. Because Haman raises this argument for the first time on appeal, we decline to address it. *See Annis v. Annis*, 84 N.W.2d 256, 261 (Minn. 1957) ("[L]itigants are bound [on appeal] by the theory or theories . . . upon which the action was actually tried below."); *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (explaining that appellate courts generally do not consider matters not argued to and considered by the district court).

5

parts of [his] complaint with a qualified expert within the chiropractic field and other qualified medical professionals"; that Haman "reviewed some of the facts of the case with qualified experts who do not agree the treatment by [Dr. Tyberg] was proper, and was negligent"; and that the medical professionals' opinions were that "[Dr. Tyberg] deviated from the applicable standards of care and that [Dr. Tyberg's] actions caused injuries to [Haman]." Thus, Haman's affidavit contains the information required under clause (1).

But the remainder of Haman's affidavit appears to invoke clause (2)—the alternative means of complying with subdivision 3 when expert review cannot reasonably be obtained before the statute of limitations for commencing an action expires. The affidavit stated that, due to his incarceration, Haman was limited in the providers from whom he could seek opinions. Furthermore, it explained that Haman "has one expert that has extensive knowledge of repercussions of the damaging results caused by [Dr. Tyberg's] particular form of treatment to [Haman]" but that Haman "was incarcerated before he had a chance to allow this particular expert to do a full exam and review of the facts of the case and of all medical records and history to assess extent of damages." Although portions of the affidavit appear to comply with clause (1), arguably the rest of the affidavit invoking clause (2) calls into question the portions that comply with clause (1).

Even so, Haman's affidavit satisfies the content requirements of clause (2). In his affidavit, Haman stated that he needs "an additional 90 days after the summons and complaint are served due to the commencing of the statute of limitations [on] December 15th 2022." Haman stated that the availability of review by the expert with "extensive knowledge" was limited by his incarceration. By explaining that he could not

6

reasonably obtain the required expert review before expiration of the statute of limitations due to his incarceration, Haman's affidavit includes the content required by clause (2). *See* Minn. Stat. § 145.682, subd. 3(2).

The district court, though, determined that Haman's affidavit did not comply with the section 145.682 because expert review could have been reasonably obtained. It found that Haman was not incarcerated until a year and a half after the alleged treatment and that department of corrections' procedures allow an inmate to schedule medical appointments outside of the facility.

In making its determination, the district court relied on *Mercer v. Andersen*, 715 N.W.2d 114 (Minn. App. 2006). In *Mercer*, we held that the district court did not abuse its discretion by denying Mercer's motion to extend the deadline set by scheduling order to file the second statutorily required affidavit—the affidavit identifying expert witnesses—and granting the defendant's motion to dismiss. 715 N.W2d at 123; *see* Minn. Stat. § 145.682, subds. 2(2), 4. We rejected Mercer's argument that his incarceration provided a reasonable excuse for failing to satisfy the deadline for that affidavit. *Mercer*, 715 N.W.2d at 123-24. But *Mercer* did not address the adequacy of the first statutorily required affidavit—the affidavit of expert review—which is the issue here. *See* Minn. Stat. § 145.682, subds. 2(1), 3. Moreover, *Mercer* referenced subdivision 4(b) of section 145.682, which provides for extensions of the time limits specified in the statute for good cause. *Mercer*, 715 N.W.2d at 123. That subdivision is not at issue here because Haman did not request an extension of the 90-day time limit specified in subdivision 3, clause (2). For these reasons, *Mercer* does not support denial of Haman's IFP application.

Interpreting section 145.682, subdivision 3, we conclude that the district court abused its discretion by determining that Haman failed to comply with the statute. Subdivision 3 requires a medical-malpractice plaintiff to "state" the required information in the affidavit of expert review. Minn. Stat. § 145.682, subd. 3. "When a word or phrase has a plain meaning, we presume that the plain meaning is consistent with legislative intent and engage in no further statutory construction." *Shire v. Rosemount, Inc.*, 875 N.W.2d 289, 292 (Minn. 2016). In his affidavit, Haman stated the information required by subdivision 3.

Moreover, the rules of statutory construction prohibit appellate courts from "adding words or meaning to a statute that were intentionally or inadvertently left out." *Genin v. 1996 Mercury Marquis*, 622 N.W.2d 114, 117 (Minn. 2001). Section 145.682 does not state that the district court has the discretion to sua sponte decide that an action should be dismissed because the expert review required by subdivision 3 could in fact have been reasonably obtained. Rather, the statute provides that failure to comply with the requirements of the affidavit of expert review within 60 days "after demand for the affidavit results, upon motion," in mandatory dismissal of the cause of action with prejudice. Minn. Stat. § 145.682, subd. 6(a). Here, the summons and complaint were apparently not served and there was no demand for the affidavit of expert review or motion to dismiss for failure to comply.

Because Haman stated the statutorily required information in his affidavit of expert review and because the district court exceeded the scope of its discretion by sua sponte deciding that the action was subject to dismissal for failure to comply with section 145.682,

we conclude that the district court abused its discretion by denying Haman's application to proceed IFP on the ground that he failed to comply with section 145.682.[3] We therefore reverse and remand to the district court with directions to reconsider the IFP application.

**Reversed and remanded.**

---

[3] Haman asks for relief that would allow him to proceed as if the IFP application had originally been granted and the summons, complaint, and affidavit of expert review had been given to the sheriff's office for service on or before December 12, 2018—presumably to meet the statute of limitations for his action. An appellate court generally will not consider matters not argued to and considered by the district court. *Thiele*, 425 N.W.2d at 582. Further, appellate courts decline to reach issues that are inadequately briefed. *State, Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997); *see McKenzie v. State*, 583 N.W.2d 744, 746 n.1 (Minn. 1998) (applying the rule that arguments not briefed are waived in an appeal in which the appellant "allude[d] to" an issue but "fail[ed] to address them in the argument portion of his brief"). The statute of limitations has not been argued to or considered by the district court, and, other than Haman's brief mention of the issue in his request for relief, we have received no briefing or argument on the issue. We therefore decline to consider it.