DIRECTOR, BUREAU OF WORKERS' DISABILITY
COMPENSATION v BMC MANUFACTURING, INC

Docket No. 154230. Submitted March 3, 1993, at Detroit. Decided July
6, 1993, at 9:05 A.M.

The Director of the Bureau of Workers' Disability Compensation
brought an action in the Wayne Circuit Court against B.M.C.
Manufacturing, Inc., seeking to have the defendant enjoined
from employing any person at any time when it is not self-
insured or insured for workers' compensation liability by a
carrier or the Accident Fund. The director also sought the
imposition of a fine of $342,000 for a period of 342 days during
which B.M.C. was not insured for workers' compensation liabil-
ity. The court, Paul S. Teranes, J., finding that B.M.C. had
obtained insurance, dismissed the action. The director ap-
pealed.

The Court of Appeals *held:*

1. The trial court erred in ruling that B.M.C. had not violated
MCL 418.611; MSA 17.237(611), which requires an employer to
secure payment of workers' compensation liability by receiving
authorization from the director to be self-insured, by obtaining
insurance from an authorized carrier, or by obtaining insur-
ance from the Accident Fund. The fact that B.M.C. was able to
pay workers' compensation claims out of pocket during the 342
days it was not insured did not bring it into compliance with
§ 611.

2. The trial court properly declined to issue the requested
injunction. Authority for such an injunction exists under MCL
418.645; MSA 17.237(645) as long as an employer does not
comply with § 611. Once an employer achieves compliance, as
B.M.C. did in this case, an injunction may no longer issue.

3. The trial court correctly refused to impose the requested
fine. Pursuant to MCL 218.645(1); MSA 17.237(645)(1), B.M.C.'s
noncompliance with § 611 was punishable as a misdemeanor
with imprisonment, a fine, or both. Section 645(1) additionally
provides that any fines must be collected in a separate civil

REFERENCES

Am Jur 2d, Workers' Compensation § 49.
See ALR Index under Workers' Compensation.

action. Thus, the imposition of a fine is a discretionary matter for the circuit court, and, in any event, a separate civil proceeding would be necessary for collection of any fine imposed.

Affirmed.

WORKERS' COMPENSATION — EMPLOYERS — FAILURE TO PROVIDE SECURITY FOR LIABILITY.

Employers must secure payment for workers' compensation liability by receiving authorization from the Director of the Bureau of Workers' Disability Compensation to be self-insured or by obtaining insurance from an authorized carrier or the Accident Fund; an employer who does not comply with the security requirement may be enjoined from operating its business; for each day of noncompliance, an employer may be found guilty of a misdemeanor punishable by imprisonment, fine, or both; any fine imposed must be collected through a separate civil action (MCL 418.611, 418.641[1], 418.645; MSA 17.237[611], 17.237[641] [1], 17.237[645]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Caleb B. Martin, Jr.,* Assistant Attorney General, for the plaintiff.

*Philip A. Gillis,* for the defendant.

Before: WAHLS, P.J., and WEAVER and CORRIGAN, JJ.

WAHLS, P.J. This action was brought against B.M.C. Manufacturing, Inc., in the name of the Director of the Bureau of Workers' Disability Compensation. Plaintiff filed what was called a "complaint for injunctive relief with affidavits" and sought to enjoin defendant from employing any person at any time when defendant was not in compliance with the Workers' Disability Compensation Act.[1] The complaint also sought monetary penalties. After a show cause hearing, the trial court dismissed the complaint. Plaintiff now appeals as of right.

[1] MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.*

No relevant facts are in dispute. In the fall of 1991, defendant employed ninety-three people and was subject to the act. The act required defendant to secure the payment of compensation by one of three methods: (1) by receiving authorization from the director to be a self-insurer; (2) by insuring against liability with an authorized insurer; or (3) by insuring against liability with the Accident Fund. MCL 418.611; MSA 17.237(611). In January 1991, the bureau was notified by defendant's insurance carrier that defendant's workers' compensation insurance would expire the following month. Unsuccessful attempts were made during the following months to contact defendant and discuss the matter. On October 25, 1991, the bureau referred the matter to the Attorney General for assistance.

Plaintiff's complaint was filed on January 13, 1992, and alleged that defendant was not in compliance with § 611. Count I of the complaint sought, pursuant to MCL 418.645; MSA 17.237(645), an order to show cause why defendant should not be restrained from operating while it was not in compliance with § 611. Count I also requested that defendant be permanently enjoined from operating in violation of § 611. Count II sought, pursuant to MCL 418.641; MSA 17.237(641), a fine of $1,000 for each day defendant was not in compliance with § 611.

The show-cause hearing was held on June 12, 1992. It was shown at the hearing that defendant had not applied for or received permission from the director to be a self-insurer and had not insured against liability for a substantial period. Defendant was not insured by the Accident Fund. Defendant had, however, obtained insurance coverage shortly before the hearing, retroactive to January 15, 1992. When the new policy was taken into

account, defendant had been without insurance for a total of 342 days. Defendant's counsel explained at the hearing that defendant's coverage had lapsed because it was unable to pay its premiums, but also asserted that defendant on its own had been able to pay any claims that had arisen while it was without coverage. The trial court declined to impose the monetary penalty sought by plaintiff on the ground that, even though defendant had been without insurance for 342 days, defendant had "covered" the workers' compensation claims that arose during that period and "the State hasn't shown that none of the claimants went uncovered." The trial court also declined to enter an injunction because defendant was, at the time of the hearing, in compliance with the act, and because the court was uncertain whether an injunction against future noncompliance was proper. Rather, the trial court suggested that any future noncompliance be dealt with through another complaint. To that end, plaintiff's complaint was dismissed without prejudice.

On appeal, plaintiff first claims that the trial court erred when it found no violation of § 611. We agree. There is no dispute that defendant was not insured against workers' compensation liability for a period of 342 days, either through an insurance carrier or through the Accident Fund. Nor had defendant been approved by the director as a self-insurer. Section 611 provides three methods of securing payment, and it does not allow unapproved out-of-pocket "coverage" as a fourth. The express mention of one thing implies the exclusion of other things. *In re Lemmer,* 191 Mich App 253, 256; 477 NW2d 503 (1991). The requirements of § 611 are unambiguous; the statute must be enforced as written. *Smith v Ruberg,* 167 Mich App 13, 16; 421 NW2d 557 (1988). The trial court

therefore erred as a matter of law when it held that defendant had been in compliance with § 611.

Plaintiff next argues that the trial court erred when it denied plaintiff's request for a perpetual injunction.[2] Section 645 provides, in pertinent part:

> If it appears by a complaint filed by the director in the circuit court . . . that the employer's liability is uninsured, there shall forthwith be served on the employer an order to show cause why the employer should not be restrained from employing any person in his or her business pending the proceedings *or until the employer shall have satisfied the court that the employer has complied with the provisions of section 171*[3] *or 611.* . . . If the employer proves *that he or she is not subject to the provisions of this act or furnishes a surety company bond in an amount to protect all of the liability of the employer* under this act, then an injunction shall not issue. Every final decree against an employer under this section shall perpetually enjoin him from employing any person in his or her business at any time when the employer is not complying with section 171 or 611. [Emphasis added.]

Plaintiff claims that, because defendant failed to show that it was not subject to the act or that it had obtained a surety bond, the issuance of a perpetual injunction was mandatory. This argument, however, overlooks the provision in § 645 that an employer shall "show cause why the employer should not be restrained . . . until the employer . . . has complied with the provisions of section 171 or 611." At the show-cause hearing, defendant made that showing by demonstrating

[2] At the show-cause hearing, defendant claimed that a perpetual injunction would harm its business relationships with automobile manufacturers.

[3] MCL 418.171; MSA 17.237(171).

that it had obtained insurance. The trial court therefore properly declined to issue an injunction.

Finally, plaintiff claims that the trial court erred when it failed to impose a fine of $342,000 pursuant to § 641(1). According to plaintiff, upon proof that defendant had failed to comply with § 611 for 342 days, the imposition of the fine was commanded by use of the mandatory word "shall" in § 641. Section 641(1) provides:

> An employer who fails to comply with the provision of section 611 is guilty of a misdemeanor and shall be fined $1,000.00, or imprisoned for not less than 30 days nor more than 6 months, or both. Each day's failure is a separate offense. Upon complaint of the director, the fines specified in this section may be collected by the state in a civil action.

While we agree in part with plaintiff's argument, there is another concern present that compels us to affirm the trial court's ruling regarding this matter.

Section 641(1) is plainly a criminal statute that imposes a criminal penalty. The statute itself refers to an employer's failure to comply with the act as a misdemeanor. MCL 750.5; MSA 28.195 defines a "crime" as an "act or omission forbidden by law" punishable by, among other things, a fine or imprisonment. Section 641 allows both types of punishment. In the present case, plaintiff has attempted to have the trial court determine defendant's guilt of a criminal offense in the context of a civil action for injunctive relief. This is impermissible as a matter of constitutional law.

> *In every criminal prosecution,* the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of less than 12

jurors in prosecutions for misdemeanors punishable by imprisonment for not more than 1 year; to be informed of the nature of the accusation; to be confronted with witnesses against him; to have compulsory process for obtaining witnesses in his favor; to have the assistance of counsel for his defense; to have an appeal as a matter of right; and as provided by law, when the trial court so orders, to have reasonable assistance as may be necessary to perfect and prosecute an appeal. [Const 1963, art 1, § 20; emphasis added.]

Defendant is also entitled to the additional procedural protections that distinguish criminal prosecutions from civil actions. The rules of civil procedure do not apply to criminal cases where a statute or court rule provides a different procedure. *People v McCoy,* 179 Mich App 559, 562; 446 NW2d 306 (1989).

What, then, is the meaning of the final sentence of § 641: "Upon complaint of the director, the fines specified in this section may be collected by the state in a civil action"? We believe that the purpose of this provision is to allow a *separate* civil action, distinct from a criminal prosecution, to collect a fine ordered by a judgment of sentence. But for this provision, MCL 600.4805; MSA 27A.4805 would bar resort to the potent means of collecting debts afforded by the civil law. "Unless otherwise specially provided for by law, if a penalty is incurred by any person and the act or omission for which the same is imposed *is not also a misdemeanor,* such penalty may be recovered in a civil action." (Emphasis added.) Section 641 proscribes a misdemeanor offense; hence, the provision regarding civil actions is necessary to avoid the operation of MCL 600.4805; MSA 27A.4805.

We further observe, contrary to plaintiff's argument, that a fine is not mandatory. The plain

language of § 641(1) states that, for each conviction of the offense, the offender shall be fined, *or* imprisoned for not less than thirty days but no more than six months, *or* both. It is apparent that the form of the punishment is within the sentencing court's discretion, as it is with any other criminal conviction. We agree with plaintiff, however, that if a fine is imposed, the amount of the fine is set by the statute and is nondiscretionary.[4]

One final aspect of this case troubles us. It was argued below and represented to this Court at oral argument, without contradiction, that if defendant is forced to pay a fine of $342,000, defendant will be driven out of business. Assuming that these representations are true and known to plaintiff, what, pray tell, public policy is furthered by destroying the provider of scores of jobs? Plaintiff appears to be operating in a vacuum empty of economic reality. Closing defendant's manufacturing operations and throwing its employees out of work would likely cost this state more in payments for unemployment insurance, welfare, and other benefits than would be realized from the collection of the fine. Section 641 is intended to strongly encourage compliance with § 611. That has been done. Even while defendant was not in compliance, it attempted to protect its employees. As defendant's counsel pointed out at the show-cause hear-

---

[4] In connection with our discussion of the provision for a fine, we note that defendant has raised an interesting argument on appeal that subsection 4 of § 641 is unconstitutional. Subsection 4 provides that any fines collected pursuant to this section shall be paid to the uninsured employer's security account. Because we have already determined that § 641 imposes criminal penalties, subsection 4 appears to violate Const 1963, art 8, § 9. This constitutional provision commands that all fines collected for any breach of the penal laws shall be exclusively applied to the support of the public libraries. See *People v Barber,* 14 Mich App 395; 165 NW2d 608 (1968). We decline to decide this issue, however, because it was not raised below, has not been responded to by plaintiff, and is not necessary to the resolution of this appeal.

ing, although there was testimony that some open claims were moving through the bureau's system, there was no evidence presented to show that a single claim was unpaid. Why plaintiff chose this course of action is a mystery to us, but in modern times, where states compete in attracting employers, plaintiff's insistence in attempting to collect a ruinous penalty appears to ill serve our citizens.[5]

Affirmed.

---

[5] "Don't find a fault. Find a remedy." Henry Ford (1863-1947).