**STATE of Minnesota DEPARTMENT OF LABOR & INDUSTRY BY THE SPECIAL COMPENSATION FUND, Respondent,**

v.

**WINTZ PARCEL DRIVERS, INC. and George Wintz, individually, Relators.**

No. C2–96–757.

Supreme Court of Minnesota.

Jan. 30, 1997.

*ORDER*

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition of Wintz Parcel Drivers, Inc. and George L. Wintz for further review of a decision of the court of appeals filed November 26, 1996 be, and the same is, granted for the limited purpose of reducing the $1,019,220 penalty to $317,064, the reasonable market cost of insurance *without any deductions*, leaving the $200,000 "pure" penalty in place, making the total penalty due $517,064. While it may be, as petitioners suggest, that the penalty provision is essentially punitive, thereby requiring a higher clear and convincing standard of proof as well as perhaps implicating the Eighth Amendment's excessive fines clause, like the court of appeals, we decline to reach that issue in the absence of adequate briefing. Of concern, however, is that a penalty that goes well beyond compensating the

State for its losses may, as one court observed, be counter-productive:

> * * * what, pray tell, public policy is furthered by destroying the provider of scores of jobs? Plaintiff appears to be operating in a vacuum empty of economic reality. Closing defendant's manufacturing operations and throwing its employees out of work would likely cost this state more in payments for unemployment insurance, welfare, and other benefits than would be realized from the collection of the fine. Section 641 [the penalty provision] is intended to strongly encourage compliance with section 611 [the insurance provision]. That has been done. Even while defendant was not in compliance, it attempted to protect its employees. As defendant's counsel pointed out at the show-cause hearing, although there was testimony that some open claims were moving through the bureau's system, there was no evidence presented to show that a single claim was unpaid. Why plaintiff chose this course of action is a mystery to us, but in modern times, where states compete in attracting employers, plaintiff's insistence in attempting to collect a ruinous penalty appears to ill serve our citizens.

*Bureau of Workers' Disability Compensation v. BMC Mfg., Inc.,* 200 Mich.App. 478, 485–86, 504 N.W.2d 695, 699 (Mich.App. 1993). Although the record in this case does not indicate that the penalty assessed by the compensation judge would be "ruinous," where the compensation judge found that Wintz workers had not been harmed, where Wintz came back into compliance with Minn. Stat. § 176.181, subd. 2, and where the whole dispute was handled rather poorly because it was the "first big case" of noninsurance, it seems to us that a penalty of $517,064 better fits the harm caused.

The petition for further review is in all other respects denied.

BY THE COURT:

/s/ Alexander M. Keith

A.M. Keith

Chief Justice

ANDERSON and STRINGER, JJ., took no part in the consideration or decision of this case.