*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1905**

In the Matter of the Welfare of the Children of:
S.M.M., D.M.P. and W.A.W., Parents.

**Filed April 18, 2016
Affirmed
Johnson, Judge**

Dakota County District Court
File No. 19HA-JV-13-2257

David A. Jaehne, West St. Paul, Minnesota (for appellant-father W.A.W.)

James C. Backstrom, Dakota County Attorney, Jennifer L. Jackson, Assistant County Attorney, Hastings, Minnesota (for respondent Dakota County Social Services Department)

Cean F. Shands, West St. Paul, Minnesota (for D.M.P.)

DeAundres D. Wilson, Minneapolis, Minnesota (for S.M.M.)

Pamela Kigham, Guardian ad Litem Program, West St. Paul, Minnesota (guardian ad litem)

Considered and decided by Reilly, Presiding Judge; Connolly, Judge; and Johnson, Judge.

# UNPUBLISHED OPINION

**JOHNSON**, Judge

The district court terminated W.A.W.'s parental rights to a child after he pleaded guilty to murdering the child's brother. We affirm.

## FACTS

The district court made findings of fact concerning the incident that gave rise to this case, as follows: In June 2013, Burnsville police officers and paramedics responded to a report of the death of a four-year-old boy, K.Z.M.-P., at the residence of the boy's mother, S.M.M. The officers and paramedics observed a man in a vehicle attempting to leave the residence. The officers stopped and spoke with the man, who attempted to flee on foot. The officers arrested the man and identified him as W.A.W. He told the officers that he attempted to leave because he was not allowed to be at S.M.M.'s residence. The officers subsequently learned of an order for protection that prohibited him from contacting S.M.M. or two of her children, K.Z.M.-P. and K.M.P. Police officers conducted an investigation into the cause of K.Z.M.-P.'s death. A medical examiner determined that the cause of death was homicide. Dakota County conducted a child-protection investigation and determined that K.Z.M.-P. died as a result of non-accidental injuries caused by W.A.W.

In October 2013, the county petitioned for the termination of W.A.W.'s parental rights to R.M.W., then an 11-month-old girl to whom S.M.M. had given birth. The petition alleged four legal bases for termination. *See* Minn. Stat. § 260C.301, subd. 1(b)(2), (4), (6), (9) (2012). The petition was based primarily on the allegation that W.A.W. caused K.Z.M.-P.'s death. The petition also alleged that W.A.W. had abused K.Z.M.-P. on previous occasions. Specifically, the petition alleged that W.A.W. hit the child on the head with a belt in February 2012; that W.A.W. punched him, giving him a bloody nose, in March 2012; that W.A.W. injured his eye, requiring stiches, in December 2012; and that W.A.W. spanked him, causing him to fall and hurt his eye, in May 2013. The petition

further alleged that W.A.W. had abused S.M.M., the child's mother, on several occasions. The matter initially was set for trial but later was continued pending the resolution of criminal charges.

In January 2014, the state charged W.A.W. with first- and second-degree murder for K.Z.M.-P.'s death. In June 2015, W.A.W. pleaded guilty to second-degree murder. The district court in this case found that, at the plea hearing, W.A.W. admitted that he struck K.Z.M.-P. in the abdomen and that the resulting injury caused his death. The district court sentenced W.A.W. to 360 months of imprisonment.

In September 2015, W.A.W. filed a direct appeal from his conviction and sentence. In January 2016, he moved to stay the appeal so that he could pursue postconviction relief. Shortly thereafter, this court granted the motion and stayed the appeal. In February 2016, W.A.W. sought postconviction relief by asking the district court to allow him to withdraw his guilty plea. This court's docket indicates that W.A.W.'s postconviction action presently is pending in the district court.

Meanwhile, in October 2015, after W.A.W.'s guilty plea, the district court conducted a trial on the county's petition to terminate W.A.W.'s parental rights. W.A.W. testified that he administered corporal discipline to K.Z.M.-P. but did not abuse him or kill him. W.A.W. testified that, at the plea hearing in the criminal case, he admitted killing the boy because he was pressured into pleading guilty. The county called a social worker and the guardian *ad litem*, who testified in support of termination. Each of the county's witnesses testified that R.M.W. was happy, healthy, and well cared for in her current

3

placement. In November 2015, the district court granted the petition and terminated W.A.W.'s parental rights to R.M.W.[1] W.A.W. appeals.

## D E C I S I O N

In his appellate brief, which was prepared and filed by counsel, W.A.W. does not challenge the district court's decision. Rather, he asks this court to refrain from deciding the appeal at this time. The entire argument is as follows: "[W.A.W.] is denying having caused harm to the child who passed away. There are no allegations of him causing harm to the child for which his rights were terminated. He is asking the Court to withhold judgment until his appeal of the criminal matter is completed."[2]

We interpret W.A.W.'s brief to request a stay of this appeal. We note that W.A.W. did not file a motion in the district court for a stay of enforcement of the district court's order and judgment. *See* Minn. R. Juv. Prot. P. 47.03; *see also* Minn. R. Civ. App. P. 108.02, subd. 6 (authorizing court of appeals to review district court ruling on motion for stay). The rules of civil appellate procedure do not specifically provide for a request to

---

[1] The petition also sought the termination of S.M.M.'s parental rights to R.M.W. and S.M.M.'s and D.M.P.'s parental rights to K.M.P. S.M.M. later consented to the termination of her parental rights to both children. D.M.P.'s parental rights to K.M.P. were terminated by default judgment.

[2] W.A.W.'s brief is somewhat ambiguous. The brief identifies five issues in its Statement of the Issues section and includes five headings in its Argument section. But there is no text beneath four of the headings, and the text beneath the fifth heading does not contain any argument to support the headings or any citations to legal authorities. We will not analyze issues that are merely identified in a cursory manner but not adequately briefed. *See McKenzie v. State*, 583 N.W.2d 744, 746 n.1 (Minn. 1998); *State, Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997). The only argument in W.A.W.'s brief, which is quoted above in full, is contained beneath the subheading, "Analysis." We consider that argument despite the absence of any citations to legal authorities.

stay an appeal. Nonetheless, a request for nondispositive relief may be presented to the court of appeals in a motion. *See* Minn. R. Civ. App. P. 127; Minn. Spec. R. Prac. Ct. App. 8; *see also* Minn. R. Civ. App. P. 102. Such a request may not be made in a party's merits brief and, if so made, will not be considered. *See Claussen v. City of Lauderdale*, 681 N.W.2d 722, 725 n.4 (Minn. App. 2004) (motion to strike document from appendix), *review denied* (Minn. Sept. 21, 2004); *Stephens v. Board of Regents of the Univ. of Minn.*, 614 N.W. 2d. 764, 769-70 (Minn. App. 2000) (motion to supplement record), *review denied* (Minn. Sept. 26, 2000).

In any event, W.A.W.'s request for a stay of this appeal is without merit. "The paramount consideration in all juvenile protection proceedings is the . . . best interests of the child." Minn. Stat. § 260C.001, subd. 2(a) (2014). A child's best interests are served by judicial decisions that promote permanency. *In re Welfare of J.R., Jr.*, 655 N.W.2d 1, 5 (Minn. 2003); *In re Welfare of J.J.B.*, 390 N.W.2d 274, 279 (Minn. 1986). The record indicates that, at the time of trial, R.M.W. had lived with her maternal grandmother for nearly two years, which was more than half of her life at that time. The county's witnesses testified that R.M.W. was doing well with her maternal grandmother and that her needs were being met. In *In re Welfare of Udstuen*, 349 N.W.2d 300 (Minn. App. 1984), this court concluded that, in light of the child's need for permanency, the district court did not err by ruling on a TPR petition while the father was incarcerated and by not continuing the trial until the conclusion of the father's appeal of his criminal conviction. *Id.* at 305. For essentially the same reason, we believe that it is not appropriate to stay this appeal until the conclusion of W.A.W.'s direct appeal and postconviction proceedings.

5

Because W.A.W. does not argue that the district court committed error, and because we see no obvious errors in the district court's order, we affirm the district court's grant of the county's petition to terminate W.A.W.'s parental rights to R.M.W.

**Affirmed.**