*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1541**

Larry Schultz,
Appellant,

vs.

Nancy Johnston, et al.,
Respondents.

**Filed September 30, 2024
Affirmed
Worke, Judge**

Ramsey County District Court
File No. 62-CV-22-6558

Larry G. Schultz, Moose Lake, Minnesota (pro se appellant)

Keith Ellison, Attorney General, Jacob Harris, Assistant Attorney General, St. Paul, Minnesota (for respondents)

Considered and decided by Bjorkman, Presiding Judge; Worke, Judge; and Larson, Judge.

**NONPRECEDENTIAL OPINION**

**WORKE**, Judge

Appellant challenges the district court's decision to dismiss his constitutional claims for failure to state a claim upon which relief can be granted. We affirm.

Appellant Larry Schultz is civilly committed to the Minnesota Sex Offender Program (MSOP) in Moose Lake, Minnesota. In August 2022, Schultz was temporarily housed at the Forensic Nursing Home (FNH) in St. Peter, Minnesota. FNH allowed residents to own certain video-game consoles. Schultz purchased a refurbished video-game console.

After Schultz was transferred back to MSOP, an employee confiscated the video-game console as contraband. Schultz filed multiple client-request forms with MSOP employees to have his property returned to him. MSOP denied the requests, citing its policy prohibiting refurbished video-game consoles as contraband.

Schultz filed a complaint alleging multiple constitutional violations under 42 U.S.C. § 1983. Respondents, who are MSOP employees, moved the district court to dismiss for failure to state a claim upon which relief can be granted. The district court granted the motion to dismiss with prejudice. This appeal followed.

## DECISION

Schultz argues that the district court erred when it dismissed the complaint for failure to state a claim upon which relief can be granted.

A party fails to state a claim under Minn. R. Civ. P. 12.02(e) when the complaint does not "set[] forth a legally sufficient claim for relief." *Graphic Commc'ns*, 850 N.W.2d

---

[1] The district court dismissed the complaint for failure to state a claim upon which relief can be granted, *see* Minn. R. Civ. P. 12.02(e); as such, the facts of the complaint are accepted as true. *See Graphic Commc'ns Loc. 1B Health & Welfare Fund "A" v. CVS Caremark Corp.*, 850 N.W.2d 682, 692 (Minn. 2014).

at 692. When reviewing a district court's rule 12.02(e) decision, appellate courts must accept the facts stated in the complaint as true while construing all reasonable inferences in favor of the nonmoving party. *Id.* Appellate courts review a district court's decision to dismiss a complaint for failure to state a claim upon which relief can be granted de novo. *Thompson v. St. Anthony Leased Hous. Assocs. II, LP*, 979 N.W.2d 1, 6 (Minn. 2022).

**Fourth Amendment**

Schultz argues that the district court erred when it dismissed the complaint because MSOP's seizure of his property violated the Fourth Amendment.

Both the United States and Minnesota Constitutions protect an individual's right to be free of unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Whether Schultz has a valid Fourth Amendment claim requires this court to determine whether: (1) he exhibited an actual subjective expectation of privacy in his property, and (2) that expectation is reasonable. *In re Welfare of B.R.K.*, 658 N.W.2d 565, 571 (Minn. 2003). Appellate courts "must look to the nature of an interest to determine if it is within the scope of the Fourteenth Amendment's protection of liberty and property." *Carrillo v. Fabian*, 701 N.W.2d 763, 768 (Minn. 2005).

"[I]nvoluntarily civilly committed persons retain the Fourth Amendment right to be free from unreasonable searches that is analogous to the right retained by pretrial detainees." *Arnzen v. Palmer*, 713 F.3d 369, 372 (8th Cir. 2013) (alteration in original) (quotation omitted). While committed or detained, a person's expectation of privacy is said to be of a "diminished scope." *Id.* (quotation omitted).

The complaint states that "[a]s part of [MSOP's] practices, policies and procedures, [MSOP]'s search and seizure of [Schultz]'s property [was] without probable cause or purpose." The district court determined that Schultz "failed to allege factual content sufficient to permit an inference that MSOP's seizure of [his property] was unreasonable under the circumstances," noting MSOP's interest in maintaining security and order when it confiscates contraband from civilly committed persons. Given Schultz's status as an involuntarily committed person and security concerns associated with the residents of MSOP, we conclude that the complaint failed to state a claim upon which relief can be granted related to the seizure of his property.

Schultz also argues that Minn. Stat. § 626.21 (2022) provides a private cause of action for damages in the return of his property, suffered because of MSOP's "unlawful seizure" of his video-game console. Under Minn. Stat. § 626.21(a)(1), "[a] person aggrieved by an unlawful search and seizure may move the district court . . . for the return of the property . . . [if] the property was illegally seized." Schultz did not show that MSOP illegally seized his property. As explained above, the complaint failed to state a claim upon which relief can be granted.

***Substantive due process***

Schultz argues that the district court erred when it dismissed the complaint because MSOP's policies violate his substantive-due-process rights.

When the government's conduct is "so egregious that it shocks the conscience," it has violated a person's constitutional right to substantive due process. *Mumm v. Mornson*,

4

708 N.W.2d 475, 487 (Minn. 2006) (quotation omitted). "Only the most extreme instances of governmental misconduct satisfy this exacting standard." *Id.*

Substantive-due-process claims are reviewed differently depending on whether they challenge a legislative action (a facial challenge) or an executive action (an as-applied challenge). *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) ("[C]riteria to identify what is fatally arbitrary differ depending on whether it is legislation or a specific act of a governmental officer that is at issue."); *Karsjens v. Piper*, 845 F.3d 394, 407-08 (8th Cir. 2017) (noting different standards applied to substantive-due-process challenges to Minnesota's Civil Commitment and Treatment Act); *see also State v. Hill*, 871 N.W.2d 900, 906 (Minn. 2015) (recognizing differing standards under *Lewis*). Accepting the facts of the complaint as true, we conclude that MSOP's policy against contraband serves a legitimate governmental purpose because it is imposed for a purpose other than a punishment.

As the district court correctly noted, "[t]he [c]omplaint affirmatively allege[d] a proper purpose, namely to 'maintain a therapeutic environment and ensure the safety and security of clients, staff, and the public,' and contain[ed] no factual allegations that suggest [that] the [p]roperty [p]olicy was implemented for anything other than [a] legitimate purpose." The complaint failed to state a substantive-due-process claim upon which relief can be granted. Therefore, the district court did not err when it made its rule 12.02(e) decision.

***Procedural due process***

Schultz argues that the district court erred when it dismissed the complaint because MSOP violated his procedural-due-process rights. To assert a viable procedural-due-process claim, a plaintiff must allege facts sufficient to prove that (1) he has been deprived of a protected life, liberty, or property interest (2) without "constitutionally sufficient" procedural protections. *Hall v. State*, 908 N.W.2d 345, 358 (Minn. 2018).

The district court noted that "[Schultz's] personal property rights may be reasonably constrained in accordance with MSOP's therapeutic or policy considerations." The district court also stated that: "[Schultz] ha[d] no constitutional right to [an] electronic gaming system[]." We conclude that the district court did not err when it dismissed Schultz's claim. MSOP's seizure of contraband did not deprive Schultz of a protected life, liberty, or property interest.

***Other claims***

Schultz's brief includes a section titled "other claims" that simply reargues the alleged constitutional violations already addressed. We decline to readdress these claims as inadequately briefed. *See State Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (declining to reach an inadequately briefed issue); *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001) ("Although some accommodations may be made for pro se litigants, this court has repeatedly emphasized that pro se litigants are generally held to the same standards as attorneys and must comply with court rules.").

**Affirmed.**