*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A24-1920**

Grande Market Place Limited Partnership,
Respondent,

vs.

Yolanda Salgado,
Appellant,

Yazmine Brown Salgado,
Defendant.

**Filed January 12, 2026
Affirmed
Harris, Judge**

Dakota County District Court
File No. 19HA-CV-24-3907

Kerri J. Nelson, Abriter PLLC, St. Louis Park, Minnesota (for respondent)

Yolanda Chelice Keisha Salgado, Burnsville, Minnesota (pro se appellant)

Considered and decided by Smith, Tracy M., Presiding Judge; Slieter, Judge; and Harris, Judge.

**NONPRECEDENTIAL OPINION**

**HARRIS**, Judge

Appellant challenges the district court's eviction judgment, arguing that its decision to evict her was erroneous, and that she was unlawfully locked out of her apartment because, she claims, the eviction was stayed by the court pending her appeal. We affirm.

**FACTS**

In February 2024, appellant Yolanda Salgado entered a 12-month lease renewal agreement with respondent Grande Market Place Limited Partnership. The lease prohibited residents from having animals in their apartments without written permission from Grande Market Place. The lease also provided that if a resident violated any terms of the lease, Grande Market Place could immediately evict the resident without prior notice.

Salgado received written permission from Grande Market Place to have one dog in her apartment. Grande Market Place then learned that Salgado had a second, unauthorized dog living in her apartment. Salgado did not receive written permission from Grande Market Place to have a second dog.

In summer 2024, Grande Market Place received notice that the dogs were urinating and defecating on Salgado's fourth-floor balcony. Shortly thereafter, Grande Market Place filed an eviction action against Salgado alleging material breach of the lease. The matter proceeded to an evidentiary hearing where the district court heard testimony from five witnesses and received 21 exhibits. Following the evidentiary hearing, the district court issued findings of fact, conclusions of law, and order for judgment finding that Salgado materially breached the lease agreement. The district court ordered that Grande Market Place was entitled to recover possession of the leased premises and directed the entry of judgment entitling Grande Market Place to a writ of recovery. Salgado appealed.[1]

---

[1] After filing her notice of appeal, Salgado filed a motion to stay further proceedings pending appeal with the district court, which the district court granted upon the condition that Salgado comply with depositing rent payments with the district court. Salgado failed

2

In June 2025, this court dismissed Salgado's eviction appeal for failure to submit a brief. Salgado filed a motion to reinstate her appeal due to economic hardship, and this court granted the motion. This appeal follows.

**DECISION**

An eviction action "is a summary proceeding through which an occupant may be removed from possession of real property by the process of law." *Nationwide Hous. Corp. v. Skoglund*, 906 N.W.2d 900, 904 (Minn. App. 2018), *rev. denied* (Minn. Mar. 28, 2018); Minn. Stat. § 504B.001, subd. 4 (2024).

On appeal from an eviction judgment, we determine whether the evidence sustains the findings of fact and whether those findings support the legal conclusions. *Minneapolis Pub. Hous. Auth. v. Greene*, 463 N.W.2d 558, 560 (Minn. App. 1990). "[W]e review the district court's legal conclusions de novo" and "uphold the district court's factual findings unless they are clearly erroneous." *Nationwide*, 906 N.W.2d at 907. We "will not conclude that a factfinder clearly erred unless, on the entire evidence, [we] are left with a definite and firm conviction that a mistake has been committed." *NY Props., LLC v. Schuette*, 977 N.W.2d 862, 865 (Minn. App. 2022) (quoting *In re Civ. Commitment of Kenney*, 963 N.W.2d 214, 221 (Minn. 2021)). The issue to be decided in an eviction proceeding is generally limited to "whether the facts alleged in the complaint are true." *NY Props.*, 977 N.W.2d at 865 (quotation omitted).

---

to deposit her rent payments, and the district court lifted the stay. Salgado filed a motion with this court asking us to quash the writ of recovery. A special panel of this court denied Salgado's motion concluding that the district court did not abuse its discretion in lifting the stay pending appeal.

**I.      The district court did not err in finding that Salgado breached the lease and entering an eviction judgment on this basis.**

A landlord may bring an eviction action against a tenant for a material breach of the lease agreement.  Minn. Stat. § 504B.285, subds. 1(a)(2), 4(a) (2024); *see also Cloverdale Foods on Minn., Inc. v. Pioneer Snacks*, 580 N.W.2d 46 (Minn. App. 1998).

Here, we conclude that the district court's factual findings were not clearly erroneous, and its grant of the eviction judgment was not erroneous.  Salgado's lease agreement prohibits tenants from having animals in their apartments without written permission from Grande Market Place.  Salgado received written permission from Grande Market Place to have one dog living in her apartment.  But Salgado had a second, unauthorized dog living in her apartment in violation of the lease agreement.  At the evidentiary hearing, Salgado conceded that she had two dogs living in her apartment.  It was not clearly erroneous for the district court to find this was a material breach of her lease.

Furthermore, it was not clearly erroneous for the district court to find that Salgado materially breached her lease by allowing her dogs to urinate and defecate on her balcony, causing damage to the property.  The lease agreement stated that residents promise "[n]ot to damage or misuse the Apartment."  The lease also provided that the resident "is responsible for . . . maintaining the Apartment in a clean and sanitary condition."  The tenant living directly below Salgado complained to Grande Market Place that dog urine was "leaking down the . . . walls and bedroom windows of [her] unit deck."  The tenant also complained of "strong dog poop odor" and "a more than usual amount of flies on [her]

4

deck due to the dog pee and poop." An inspection of the balcony revealed that the dogs' excrement had stained the exterior walls and deck boards. The district court did not clearly err in finding that Salgado allowing the dogs to use the balcony as a bathroom materially breached the lease because it damaged the property and created unsanitary conditions for other residents living at the property.

In sum, there is substantial evidence in the record to support the district court's determination that Salgado materially breached her lease by having a second, unauthorized dog living in her apartment and by allowing her dogs to urinate and defecate on her balcony.

## II. Salgado is not entitled to appellate court relief on her inadequately briefed "notice" argument.

Salgado asserts that she was not properly served "notice," but she does not identify the notice at issue. She additionally provides no legal analysis, citation, or support for this assertion. She also provides no evidence that she raised the issue of service of process at the district court. We decline to consider issues that are inadequately briefed. *State Dep't of Labor & Indus. by the Special Comp. Fund v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (declining to reach inadequately briefed issue). This principle applies equally to self-represented litigants. As we have emphasized, although some accommodations may be made for self-represented parties, they are generally held to the same standards as attorneys and must comply with applicable court rules. *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001). Accordingly, Salgado's claim is not properly before this court.

**III.    Salgado's argument that she was unlawfully locked out of her apartment is not properly before us.**

On appeal, Salgado appears to argue that she was unlawfully locked out of her apartment.  However, she cites no statute, case law, or other authority supporting her assertion that a "lockout" occurred.  Although one might infer from the nature of this eviction action that she is referring to her removal from the premises, Salgado does not identify who allegedly locked her out or whether her claim pertains to the Dakota County Sheriff's execution of the writ of recovery, the eviction judgment itself, or some other circumstance.  As such, this issue is inadequately briefed.  Inadequately briefed issues are not properly before an appellate court. *Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982); *see McKenzie v. State*, 583 N.W.2d 744, 746 n.1 (Minn. 1998) (applying the rule that arguments not briefed are waived in an appeal in which the appellant "allude[d] to" an issue but "fail[ed] to address them in the argument portion of his brief").

In addition, this argument was not presented to the district court.  Appellate courts generally do not consider matters not raised and decided below.  *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).  Because Salgado raises this issue for the first time on appeal, we decline to consider it.

**IV.    Salgado is not entitled to appellate court relief on her inadequately briefed Section 8 argument.**

Salgado argues that her Section 8 housing-choice voucher was unlawfully revoked.  Salgado cites no statute, case law, or other authority supporting her assertion.  Appellate courts decline to reach issues that are inadequately briefed. *Wintz Parcel Drivers, Inc.*, 558 N.W.2d at 480.  It is unclear who Salgado believes unlawfully revoked her Section 8

6

housing-choice voucher. Neither the district court nor the landlord have the authority to revoke Section 8 housing-choice vouchers. It appears that Salgado's Section 8 housing-choice voucher was administered by the Dakota County Community Development Agency (CDA). And as the landlord correctly points out, CDA is not a party to the eviction action or the appeal. Because this issue is not properly before us, we decline to address the argument.

**V.     Because Salgado previously sought review of the district court's stay-pending-appeal by motion to this court, and a special term panel denied that motion, we do not consider her challenge to the district court's order lifting the stay.**

Finally, Salgado contends that the district court abused its discretion regarding the stay of execution of the writ of recovery because "the writ was stayed by the court pending rent assistance."

Under Minnesota Statutes section 504B.371, subdivision 3, a party who remains in possession of the property during an eviction appeal must post a bond ensuring, among other things, that "the regular rent due to the party excluded from possession during the pendency of the appeal will be paid as that rent accrues." Minn. Stat. § 504B.371, subd. 3 (2024); *see also* Minn. R. Civ. App. P. 108.02, subd. 1 (requiring a party seeking a stay pending appeal to request such relief first in the district court). A party seeking review of a district court's decision regarding a stay pending appeal must do so by filing a motion with this court under Minnesota Rule of Civil Appellate Procedure 127. *See* Minn. R. Civ. App. P. 108.02, subd. 6 ("On a motion under Rule 127, [we] may review the [district] court's determinations as to whether a stay is appropriate, the terms of any stay, and the form and amount of security pending appeal."); *see also* Minn. R. Civ. App. P. 127

7

("Unless another form is prescribed by these rules, an application for an order or other relief shall be made by serving and filing a written motion for the order or relief."). Salgado filed such a motion, and a special term panel of this court denied it. Because Salgado already sought—and has been denied—relief through the proper procedural mechanism, we do not address the argument further.

**Affirmed.**